PER CURIAM.
The appellant James Maness has filed a motion requesting this Court to correct the record on appeal to show that the appellant objected to the granting of certain instructions to the jury by the trial court. He has attached to the motion an affidavit of the trial judge in which the judge states that the attorney for the plaintiff “ . . . made certain oral objections to certain of the instructions presented for the defendants . . . that affiant does not recall the exact instructions objected to nor the substance of the objections.”
In 1971 the circuit courts of this state adopted a uniform rule of procedure wherein it was provided that attorneys were required to dictate in the record their specific objections to instructions offered by attorneys representing adversary clients. This rule was submitted to this Court and we implemented the rule by our Rule No. 42 wherein we said:
“ . . . [N]o assignment of error based on the giving of an instruction to the jury will be considered on appeal unless specific objection was made to the instruction in the trial court stating the particular ground or grounds for such objection. . . . ”
The reason for the rule was so that the trial judge would be apprised of the specific contention as to why the instruction should or should not be given to the jury.
Section 1670, Mississippi Code 1942 Annotated (1956) permits this Court to bring before it by certiorari any part of the record not shown on appeal for the purpose of correcting the transcript or the record. However, this Court is not permitted to add to or change the record except to correct obvious mistakes shown on the face of the record.
The motion to amend or correct the record must, therefore, fail, particularly in view of the trial court’s affidavit, since the judge could not have amended under the facts here shown.
Motion to correct the record is overruled.